| | |
|---|---|
| GARY AND ANNE CHILDRESS, RUSSELL AND SUZANNAH HO, MICHAEL CLIFFORD, DAVID CAVENDER, RUSTY DAVIS, CHRISTOPHER DERINGER, CHRISTINA DUNCAN, ROBIN HINSON, AND DAVID ORTIZ *on behalf of themselves and others similarly situated*, | ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| JPMORGAN CHASE BANK, N.A., and CHASE BANK USA, N.A., | ) ) ) |
| Defendants. | ) |

## [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT AND APPROVING FORM AND MANNER OF NOTICE

Now before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement. The Court has considered the Parties' papers, relevant legal authority, and the record in this case, and the Court hereby GRANTS the Motion for Preliminary Approval.

WHEREAS, Plaintiffs and Class Representatives Gary Childress, Russell Ho, Michael Clifford, David Cavender, Rusty Davis, Christopher Deringer, Christina Duncan, Robin Hinson, and David Ortiz (collectively "Plaintiffs" or "Class Representatives")[1], on behalf of themselves and on behalf of the class certified by the Court on July 2, 2019, and Defendants JPMorgan Chase Bank, N.A. and Chase Bank USA, N.A. ("Chase" or "Defendants"), have agreed, subject to Court

---

[1] Plaintiffs Anne Childress and Suzannah Ho were not appointed as Class Representatives but joined in the Motion.

approval, to settle the above-captioned litigation upon the terms set forth in the June 11, 2020 Settlement Agreement ("Settlement Agreement");

WHEREAS, this Court has reviewed and considered the Settlement Agreement entered into among the Parties, as well as all exhibits thereto, the record in this case, the briefs and arguments of counsel, and supporting exhibits;

WHEREAS, Plaintiffs have moved for an order granting preliminary approval of the Settlement;

WHEREAS, this Court preliminarily finds that the Settlement meets all the requirements of Rule 23(e) of the Federal Rules of Civil Procedure;

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This Court has jurisdiction over the subject matter of this lawsuit and over the settling Parties.

2. The Court does hereby preliminarily approve the Settlement Agreement, subject to further consideration at the Final Approval Hearing described below and directs the Parties to perform and satisfy the terms and conditions of the Settlement Agreement that are hereby triggered.

3. A Final Approval Hearing shall be held before this Court on _____ \_\_\_, **2020, at \_\_\_\_\_a.m./p.m., at the Federal Courthouse located at [                    ], in Courtroom _____ [not earlier than 103 calendar days after entry of this order],** to determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class Members and should be

approved by the Court; whether final judgment should be entered; the amount of fees, costs, and expenses that should be awarded to Class Counsel; and the amount of any incentive awards to be awarded to the Class Representatives. Attendance at the Final Approval Hearing is not mandatory and Class Members need not appear or take any other action to indicate their approval of the Settlement Agreement. The Court may change the day of the Final Approval Hearing without further notice to the Class. Counsel may appear telephonically or via video due to the COVID-19 pandemic.

4. The Court approves, as to form and content, the Class Notices attached as Exhibits E and F to the Settlement Agreement. The Court further finds that the proposed Notice Program, including all forms of the proposed Class Notices, substantially meets the requirements of Rule 23 and due process, is the best notice practicable under the circumstances, and shall constitute due process and sufficient notice to all persons entitled thereto.

5. The Court confirms and appoints Rust Consulting as the Administrator to administer the terms of the Settlement Agreement and to notify and pay the Class Members. The Administrator shall commence all aspects of the approved Notice Program, including direct notice mailing and dedicated website, as more fully set forth in the Declaration Regarding Dissemination of Class Notice, in accordance with the schedule set forth below.

6. No later than thirty (30) days from the entry of this Order, the Administrator shall cause the full versions of the Settlement Agreement and the Preliminary Approval Order to be published on a public website, located at www.chasebankclassaction.com. This website shall remain operational until at least ninety (90) calendar days after the Effective Date.

7. No later than thirty (30) days from the entry of this Order, the Administrator shall have completed the Notice Program to the Class by mailing and/or emailing the Class Notices,

substantially in the form as Exhibit E to the Settlement Agreement, to all members of the Class whose addresses can be identified with reasonable effort ("Notice Deadline"). The Settlement Administrator will use the list of names and addresses of all members of the Class provided by Chase in electronic form.

8. The Court approves, as to form and content, the Distribution Plan, attached as Exhibit A to the Settlement Agreement.

9. All reasonable expenses incurred in identifying and notifying members of the Class, as well as administering and distributing the settlement funds, shall be paid for as set forth in the Settlement Agreement.

10. Counsel shall file their motion for attorney fees, costs, and incentive awards, and all supporting documentation and papers, no later than twenty-one (21) days after the Notice Deadline.

11. Any person who desires to request exclusion from the Settlement shall do so by mailing their exclusion request to the address provided in the notice so they are received by the Settlement Administrator or postmarked no later than forty-five (45) days after the Notice Deadline. All persons who submit valid and timely requests for exclusion shall have no rights under the Settlement Agreement, shall not share in the distribution of the settlement funds, and shall not be bound by the final judgment entered in the litigation. No later than fourteen (14) days prior to the Final Approval Hearing, the Administrator shall file a report of the number of Class Opt-Outs with the Court.

12. Any Class Member may enter an appearance in the litigation, at his or her own expense, individually or through counsel of his or her own choice.

13. Any member of the Class who has not requested exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement. All written objections and supporting papers must (a) clearly identify the case name and number, *Childress v. JP Morgan Chase Bank, N.A., et al.,* No. 5:16-cv-298-BO, (b) be submitted to the Court by mailing them to the Clerk, United States District Court for the Eastern District of North Carolina, located at P.O. Box 25670, Raleigh, North Carolina 27611, and (c) be filed or postmarked no later than forty-five (45) days after the Notice Deadline.

14. For an objection to be considered, the objection must set forth:

   a. The name of the Action (*Childress v. JPMorgan Chase & Co.*, No. 5:16-cv-00298 (E.D.N.C.));

   b. The objector's full name, address, and phone number;

   c. An explanation of the basis upon which the objector claims to be a Class Member;

   d. All grounds for the objection, accompanied by any legal support for the objection;

   e. The identity of all counsel who represent the objector in this matter, including any former or current counsel who may be entitled to compensation for any reason related to the objection;

   f. Whether the objector intends to appear at the Final Approval Hearing and, if so, the identity of all counsel representing the objector who will appear at the Final Approval Hearing. Any counsel who will appear at the Final Approval Hearing must contemporaneously enter a written Notice of Appearance of Counsel with the Clerk of the Court;

   g. A list of all other class action settlements to which the objector or their counsel filed an objection;

h.  A list of any persons who will be called to testify at the Final Approval Hearing in support of the objection; and

i.  The objector's signature (an attorney's signature is not sufficient).

15. All non-settlement-related proceedings in this action are stayed pending final approval of the proposed Settlement.

16. Class Counsel shall file their motion for final approval of the Settlement, and all supporting documentation and papers, no later than seven (7) days before the Final Approval Hearing.

17. No later than fourteen (14) days before the Final Approval Hearing, Class Counsel shall file with the Court a declaration from a representative of the Administrator confirming that the plan for disseminating the notice has been accomplished in accordance with the Settlement Agreement and Distribution Plan approved and adopted here ("Notice Declaration").

18. Class Counsel shall file their responses to any objections to the Settlement Agreement, or to the application for attorneys' fees, reimbursement of costs and expenses, and class representative incentive awards, no later than seven (7) days before the Final Approval Hearing.

19. If for any reason the Settlement Agreement is not finally approved by the Court, each Party's rights to litigate will be restored to the same extent as if the Settlement Agreement had never been entered into.

20. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession

- 6 -

Case 5:16-cv-00298-BO   Document 346-1   Filed 06/11/20   Page 6 of 8

by Plaintiffs or Defendants of the truth or falsity of any of the allegations in this lawsuit, or of any liability, fault, or wrongdoing of any kind.

21. All members of the Class are temporarily barred and enjoined from instituting or continuing the prosecution of any action asserting the claims released in the proposed Settlement, until the Court enters final judgment with respect to the fairness, reasonableness, and adequacy of the Settlement.

22. All Class Members shall be bound by all determinations and orders in this lawsuit concerning the Settlement, whether favorable or unfavorable to the Class Members.

23. The Court adopts the schedules and deadlines contained in the proposed Settlement Agreement, including the following:

| Event | Date |
|---|---|
| Preliminary Approval | Date of entry of this Order (see below) |
| Deadline for Chase to transfer amount of estimated administrative costs | 7 calendar days after Preliminary Approval |
| Deadline for establishing dedicated settlement website | 30 calendar days after Preliminary Approval |
| Notice Deadline (Date by which the Administrator must complete the Notice Program) | 30 calendar days after Preliminary Approval |
| Deadline for filing motion for attorneys' fees, costs, expenses, and service awards | 21 calendar days after the Notice Deadline (51 calendar days after Preliminary Approval) |
| Deadline to opt out of the Settlement | 45 calendar days after the Notice Deadline (75 calendar days after Preliminary Approval) |
| Deadline to file objections to the Settlement | 45 calendar days after the Notice Deadline (75 calendar days after Preliminary Approval) |
| Deadline for Settlement Administrator to file report of number of Class Opt- | 14 calendar days before Final Approval Hearing |

| | |
|---|---|
| Outs and Notice Declaration with the Court | |
| Last day to respond to any objections to the Settlement Agreement | 7 calendar days before Final Approval Hearing |
| Deadline for Class Counsel to file motion for Final Approval | 7 calendar days before Final Approval Hearing |
| Final Approval Hearing | _____ \_\_, 2020, at \_\_\_\_\_ a.m./p.m. (not earlier than 103 calendar days after Preliminary Approval) |

24. The Court reserves the right to adjourn, continue, or otherwise change the date of the Final Approval Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement. The Class Members are advised to confirm the date of the Final Approval Hearing as set forth in the Class Notices. The Court may approve the Settlement Agreement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class Members.

Date: _____  _____
Honorable Terrence W. Boyle
Chief United States District Judge