IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CASE NO. 5:16-cv-00298-BO

GARY AND ANNE CHILDRESS,
RUSSELL AND SUZANNAH HO,
MICHAEL CLIFFORD, DAVID
CAVENDER, RUSTY DAVIS,
CHRISTOPHER DERINGER, CHRISTINA
DUNCAN, ROBIN HINSON, AND DAVID
ORTIZ on behalf of themselves and others
similarly situated,

Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., and
CHASE BANK USA, N.A.,

Defendants.

**ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT**

Upon consideration of Plaintiffs' Unopposed Motion for Final Approval of Settlement ("Motion") and after hearing from the Parties to this Settlement at a Final Approval Hearing on October 1, 2020, it is hereby ORDERED as follows:

1. The Motion is GRANTED.

2. This Order incorporates by reference the Settlement Agreement and Release (the "Settlement Agreement" or "Agreement") between Defendants JPMorgan Chase Bank, N.A., and Chase Bank USA, N.A. (collectively "Chase") and the certified Class as defined by the Agreement and by the Order Preliminarily Approving Class Settlement and Approving Form and Manner or Notice ("Preliminary Approval Order"). All terms used here shall have the same meaning as set forth in the Settlement Agreement.

3. The Court has personal jurisdiction over the Plaintiffs, all Class Members, and Chase and subject matter jurisdiction to approve this Settlement Agreement.

1

4. Class Notices have been given to the Class in the manner directed by the Preliminary Approval Order, a declaration confirming that the Notice Program and CAFA Notice was completed in a timely manner was provided by the Administrator and filed with the Court, and full opportunity to be heard has been offered to all Parties, including all Class Members. The Court finds that the form and manner of distributing the Class Notices (i) constituted the best notice practicable under the circumstances; (ii) constituted notice that was reasonably calculated under the circumstances to apprise Class Members of the pendency of the Action, of their right to object to or exclude themselves from the proposed Settlement as applicable, of their right to appear at the Final Approval Hearing, and of their right to seek relief; (iii) constituted reasonable, due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) complies in all respects with the requirements of Federal Rule of Civil Procedure 23, due process, and all other applicable law.

5. The persons identified in Exhibit A, which is attached hereto and incorporated by reference herein, have timely and validly requested exclusion from the Settlement and are hereby excluded from the Settlement, are not bound by this Order, and may not make any claim against or receive any benefit from the Settlement, whether monetary or otherwise. Each Class Member not appearing in Exhibit A is bound by this Order.

6. The Court finds that the settlement set forth in the Settlement Agreement between the representatives of the certified Class and Chase, is fair, reasonable, adequate, in the best interests of the Class, applying the four factor test enunciated in *In re Jiffy Lube Sec. Litig.,* 927 F.2d 155 (4th Cir. 1991), and it is hereby approved. The Court directs that the Settlement Agreement be consummated pursuant to its terms and conditions.

8. This Action and all claims included therein, as well as all the Released Claims (as defined in the Agreement) are dismissed with prejudice as to all Class Members against all

Released Parties.

9. The Court approves the Distribution Plan agreed to by the Parties, whereby the Net Cash Settlement Amount shall be distributed to Class Members. The Administrator is hereby authorized to complete the Distribution Plan.

11. Any order approving or modifying the Distribution Plan or the application for the Fee & Expense Award and Service Awards shall not affect the finality of this Final Approval Order. The Court authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Agreement as shall be consistent in all material respects with the Final Approval Order and not limit the rights of the Parties or Class Members; and containing such other and further provisions consistent with the terms of this Agreement to which the Parties expressly consent in writing.

12. The Court reserves exclusive and continuing jurisdiction over the Action for the purposes of (a) supervising the implementation, enforcement, construction, and interpretation of the Agreement and the Distribution Plan; (b) hearing and determining any application by Class Counsel for the Fee & Expense Award and Service Awards, if such determination is not made at or before the Final Approval Hearing; and (c) supervising the distribution of the Cash Settlement Amount.

SO ORDERED this the __1__ day of __October__, 2020.

*Terrence W. Boyle*
Honorable Terrence W. Boyle
Chief United States District Judge

## EXHIBIT A—CLASS MEMBERS REQUESTING EXCLUSION

Dallas Beatty—Class ID# 4077749

Thomas L. Faust—Class ID# 2534169

Joshua D. Jeffers—Class ID# 1972139

Christina M. Josey (Brown)—Class ID# 4306627

Christine Raasch—Class ID# 2552644

Steven Raasch—Class ID# 2538921

Kate Sheinis—Class ID# 4369769