IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CASE NO. 5:16-CV-298-BO

GARY AND ANNE CHILDRESS, )
RUSSELL AND SUZANNAH HO, )
MICHAEL CLIFFORD, DAVID )
CAVENDER, RUSTY DAVIS, )
CHRISTOPHER DERINGER, CHRISTINA )
DUNCAN, ROBIN HINSON, AND DAVID )
ORTIZ *on behalf of themselves and others* )
*similarly situated*, )
 )
     Plaintiffs, )
 )
v. )
 )
JPMORGAN CHASE BANK, N.A., and )
CHASE BANK USA, N.A., )
 )
     Defendants. )

## ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES & COSTS, AND PAYMENT OF CLASS REPRESENTATIVES AWARDS

Before the Court is Plaintiffs' Motion for Attorneys' Fees & Costs Award and Class Representatives Awards. The Court has considered the Parties' papers, relevant legal authority, and the record in this case, and the Court hereby GRANTS the Motion for the following reasons:

The Notice Program has been completed, the Notice Deadline has passed, and no Class Member has objected to the Settlement Agreement and Release[1] or the Fee & Costs Award and Class Representatives Awards.

---

[1] Ex. A to the Motion for Preliminary Approval of the Settlement (DE 347-1). The capitalized terms in this Order have the same meaning as in the Agreement.

Many courts in the Fourth Circuit have held that attorneys' fees in the amount of 1/3 of the settlement fund is reasonable. *See, e.g., Chrismon v. Meadow Greens Pizza, LLC*, No. 5:19-cv-155-BO, 2020 U.S. Dist. LEXIS 119873, *12 (E.D.N.C. July 7, 2020) (collecting cases); *Kelly v. Johns Hopkins Univ.*, 2020 U.S. Dist. LEXIS 14772 at *8 (D. Md. Jan. 28, 2020) ("Contingent fees of up to one-third are common in this circuit.") (collecting cases); *Thomas v. FTS USA, LLC*, 2017 WL 1148283, at *5 (E.D. Va. Jan. 9, 2017) (citing *In re Rite Aid Corp. Sec. Litig.*, 146 F. Supp. 2d 706, 735 (E.D. Pa. 2001) (reviewing 289 class action settlements and finding an "average attorney's fees percentage [of] 31.31%" and a median of roughly one-third of the common fund)).

Class Counsel achieved extraordinary results for the class of approximately 190,000 military servicemembers, obtaining a Cash Settlement Amount of over $62 million.

The Class is represented by nationally recognized and highly experienced Class Counsel who resolved this matter with skill and persistence. For example, class certification entailed numerous separate substantive motions and briefs. After fully briefing the first motion for class certification, the Parties held two mediation sessions in New York with retired federal judge Shira Scheindlin over the course of four months, which ended at an impasse. Class counsel then briefed class certification a second time while also defending Plaintiffs' experts against Chase's *Daubert* motions. Class Counsel then defended the class certification decision against Chase's Rule 23(f) petition to the Fourth Circuit Court of Appeals. Similarly, Plaintiffs briefed their motion to compel discovery five times (and responded to the United States Office of the Comptroller of the Currency's motion to intervene in that motion), and they defended against Chase's three Rule 26 motions to compel or exclude damages evidence. Plaintiffs then moved to amend their Complaint and added six Class Representatives to bolster the case against Chase's argument that the original Class Representatives suffered no damages. Plaintiffs also filed two motions for summary

judgment, supported by seven expert affidavits, shortly before the case's settlement. Class Counsel's persistence in advancing the litigation ultimately led to a mediated settlement with the help of former federal magistrate judge Elizabeth LaPorte at the Parties' third mediation session. All of these efforts have been to the benefit of the servicemembers and veterans who make up the Class.

Plaintiffs had to overcome many of the obstacles faced in complex, multi-state class action litigation, and were able to successfully certify the first ever non-settlement class action under the Servicemembers Civil Relief Act ("SCRA").

Class Counsel faced a genuine risk of non-recovery in this action. Before this case was filed, Chase had already issued payments to many Class Members pursuant to a consent order with the Department of the Treasury, Comptroller of the Currency concerning Chase's SCRA compliance practices. Chase maintained throughout the litigation that the consent order and previous payments to customers reflected the full extent of its obligations. Were this Court or a jury to find that Plaintiffs and other servicemembers were entitled to no further compensation, there would have been no recovery in this case.

Public policy considerations weigh strongly in favor of the award requested here. Plaintiffs in this matter exemplified the role of the private attorney general, vindicating the rights of approximately 190,000 military servicemembers and veterans regarding the nation's largest bank's alleged failure to provide federally required benefits to the accounts held by these servicemembers. This Action benefitted not just the approximately 190,000 Class Members with credit card accounts with Chase, but other and future military personnel who will open or maintain accounts with Chase and other banks subject to the SCRA and their own proprietary military benefit programs.

The Court finds the request for attorneys' fees to be fair, adequate, and reasonable.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. Attorneys' fees amounting to thirty percent (30%) of the $62,461,938.00 gross settlement shall be awarded to Class Counsel; and

2. Awards to the Class Representatives shall be awarded in the amounts requested by Plaintiffs, that is, awards of $25,000 each to the following Class Representatives: Gary Childress, Russell Ho, and Michael Clifford; and awards of $10,000 each to the following Class Representatives: David Cavender, Rusty Davis, Christopher Deringer, Christina Duncan, Robin Hinson, and David Ortiz.

This __1__ day of __October__, 2020.

Terrence Boyle
HON. TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE